CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
SEP 15 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

UNITED STATES OF AMERICA,

         *Plaintiff*,

v.

ALAN B. PINKERTON,

         *Defendant*.

CRIMINAL ACTION NO. 3:04-CR-00013-002

OPINION AND ORDER

JUDGE NORMAN K. MOON

## ORDER OF SATISFACTION

### 1. Background

On February 11, 2004, Alan Pinkerton pled guilty to one count of fraud. Pursuant to Title 18, United States Code, Section 3663A and U.S.S.G Section 5E1.1(a)(1), this Court ordered him to pay restitution to three victims of his fraud: Albemarle First Bank, Progressive Insurance Company, and Corwith Davis. Pinkerton's co-defendant, John Reid, was also to pay restitution and both defendants are jointly and severally liable for the whole debt under the order.

Seeking to enforce this order, the United States has moved to seize real estate owned as tenants by the entireties by Alan Pinkerton and his wife, JoAnn Pinkerton. A writ of execution on property located in Bedford County issued on October 24, 2005.

Both Pinkertons have moved to quash the writ on various grounds. This Court held a hearing on Sept. 12, 2006 to hear testimony and argument on these motions. At the hearing, Assistant U.S. Attorney Thomas Eckert indicated that the United States was not eager to seize

the Pinkertons' land (apparently believing this would not serve the ends of justice), but felt compelled to enforce the order of restitution. He requested that the Court provide "guidance" on what he called a "conundrum."

Mr. Boyd, the president and CEO Albemarle First Bank, testified that, pursuant to a civil settlement, the bank considered Mr. Pinkerton's debt satisfied and was obligated to refuse any proffer of additional funds from the government.

No representative from Progressive Insurance spoke or testified. However, one of the exhibits introduced during the hearing was an affidavit from Progressive Insurance. The affidavit stated that Progressive entered into a civil settlement agreement with Mr. Pinkerton, and pursuant to that agreement, it too would not accept any additional payment beyond what it already received.

No representative of Corwith Davis spoke or testified, but Attorneys for the Pinkertons said that the Pinkertons intend to pay Mr. Davis in full. This payment will be made from a loan to be secured by a mortgage on the Bedford County property. As that property is currently subject to a large lien from the writ of execution, obtaining such a loan is impossible unless the writ is quashed.

### 2.Order

1. The Court finds that Albemarle First Bank and Progressive Insurance have been satisfied as to any debt or restitution owned by Mr. Pinkerton and that no further restitution is necessary. Accordingly, the United States Attorney is relived of any duty to obtain restitution for these victims and is hereby ORDERED to cease all efforts to collect further funds from Mr. Pinkerton on their behalf. This order shall not affect any possible restitution owed to these victims by co-defendant John Reid.

2. The Court finds that the writ of execution is an obstacle to the efficient collection of restitution for Corwith Davis. Accordingly, the writ is ORDERED to be withdrawn.

It is so ORDERED.

The Clerk of the Court is directed to send a certified copy of this Order to all counsel of record.

ENTERED: /s/ Norman K. Moon

U.S. District Judge

Sept. 15, 2006
Date